AO 91 (Rev. 11/11)   Criminal Complaint   (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
для the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 3:23-mj-90 |
| JOHN ALLAN SMITH | ) | |
| | ) | |
| *Defendant(s)* | ) | |

FILED
RICHARD W. NAGEL
CLERK OF COURT
3/16/23

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   March 10, 2023   in the county of   Montgomery   in the
  Southern   District of   Ohio  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(8) | Possession of a Firearm and Ammunition by a Prohibited Person. |

This criminal complaint is based on these facts: See affidavit of Kenneth R. Pitney, ATF

☑ Continued on the attached sheet.

*Complainant's signature* SA

Kenneth R. Pitney, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
  Telephone   *(specify reliable electronic means)*.

Date:  March 16, 2023

City and state:   Dayton, Ohio

Caroline H. Gentry
United States Magistrate Judge

## AFFIDAVIT

Your Affiant, Kenneth R. Pitney, being duly sworn, states as follows:

## INTRODUCTION

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since July 2013. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the ATF National Academy's Special Agent Basic Training Program. As such, I have become familiar with firearms and federal firearm laws. I have also been trained and qualified as an ATF interstate nexus firearms expert. During my ATF career, I have participated in the execution of numerous federal search and arrest warrants involving the illicit possession, theft, and sale of firearms by drug traffickers and prior felons.

## PURPOSE OF AFFIDAVIT

2. This affidavit is submitted in support of a criminal complaint which seeks the issuance of an arrest warrant for a person known to your Affiant as **JOHN ALLAN SMITH, a/k/a "Chaos"** (hereinafter referred to as "**SMITH**"). The facts contained in this affidavit are based upon my personal knowledge and participation in subject investigation. As part of this investigation, I personally conducted a series of witness and subject interviews; generated and reviewed numerous law enforcement reports of investigation relevant to this case; and consulted with other law enforcement officials who are knowledgeable of certain facts and other circumstances surrounding this case. I have also relied upon my prior law enforcement training and experience.

3. The information contained in this affidavit does not reflect all the factual details known to your Affiant concerning subject investigation. This affidavit is provided for the limited purpose of establishing probable cause to believe that on or about March 10, 2023, while in the Southern District of Ohio, **SMITH,** while being the subject of an active Protection Order issued by the Common Pleas Court of Montgomery County, Ohio Division of Domestic Relations on or about February 16, 2023, illegally possessed multiple firearms which had previously traveled in and/or affected interstate or foreign commerce all in violation of 18 U.S.C. § 922(g)(8). Your Affiant has become aware that **SMITH** together with his attorney, personally attended the open court hearing wherein the said state court issued the Protection Order.

## FACTUAL SUMMARY OF PROBABLE CAUSE

4. On or about March 10, 2023, at approximately 8:35 PM, Montgomery County Sheriff's Office (MCSO) Deputy Richardson observed a 2012 black Nissan Altima bearing Tennessee registration 719BKPQ operating at or near 3114 N. Dixie Drive in Dayton with no illuminated license plate lights Deputy Richardson thereupon conducted a traffic stop and encountered **SMITH** as the vehicle driver and sole occupant. **SMITH** immediately advised Deputy Richardson that he had a firearm on his person, and two (2) additional firearms located inside his vehicle. Deputy Richardson thereupon removed **SMITH** from his vehicle and removed a loaded Springfield Armory model 911, .380 caliber pistol bearing serial number CC076852, from his person. At this point, Deputy Richardson observed in plain view located in the back seat of the vehicle a rifle case containing a American Tactical Imports model Omni Hybrid, multi-caliber short-barreled rifle bearing serial number NS304462, along with three (3) large capacity 30-round magazines each loaded with ammunition. It was later determined that these three large capacity magazines contained a total of approximately 85 live rounds. A loaded

Taurus model G3c, 9mm caliber pistol bearing serial number 1KA39974 and body armor was also found in the vehicle. Upon checking various law enforcement databases, Deputy Richardson determined that **SMITH's** driver's license was then suspended and that there was an active Protection Order **SMITH** which restricted him from possessing and/or purchasing firearms. At this point, Deputy Richardson arrested **SMITH** for violation of ORC § 2923.12(A)(1) - CCW and ORC § 2923.16(B) - Improper Handling Firearms in a Motor Vehicle. Deputy Richardson seized the three (3) firearms and later checked them into the MCSO evidence locker.

5. On March 13, 2023, your Affiant and MCSO Det. Denker interviewed **SMITH** at the Montgomery County Jail after first advising him of his *Miranda* rights. During this interview, **SMITH** confirmed that he was traffic stopped by an MCSO deputy on March 10, 2023. During this traffic stop, **SMITH** immediately notified the deputy of the presence of firearms on his person and in his vehicle. **SMITH** further stated that he did not know why he was being charged with a crime because he believed he was legally allowed to possess firearms. **SMITH** admitted knowing about the Protection Order, and also indicated he was present in court with his attorney when it was issued. **SMITH** further stated that he thought the Protection Order only directed him to refrain from assaulting or harassing the mother of his child.

6. On March 13, 2023, your Affiant obtained a certified copy of the said Protection Order in Case 2023DV00088. (See Attachment #1). The Protection Order was issued as a result of a domestic violence conflict involving **SMITH** and "A.G." who is the mother of his child. According to Condition #13 of the Protection Order: "**RESPONDENT SHALL NOT POSSESS, USE, CARRY, OR OBTAIN ANY DEADLY WEAPON, INCLUDING FIREARMS AND AMMUNITION** at any time while this Order remains in effect in order to

bring about a cessation of violence. Furthermore, the Order goes on to state: Respondent may be subject to firearms and ammunition restrictions pursuant to 18 U.S.C. § 922(g)(1) through (9), 18 U.S.C. § 922(n), or R.C. § 2923.13. [NCIC 07] **RESPONDENT IS EXCEPTED** only for official use pursuant to 18 U.S.C. § 925(a)(1), if no other firearms and ammunition prohibitions apply." According to Condition #14 of the Protection Order: "**RESPONDENT SHALL TURN OVER ALL DEADLY WEAPONS, INCLUDING FIREARMS AND AMMUNITION,** owned by Respondent or in Respondent's possession to the law enforcement agency that serves Respondent with this Order no later than immediately or as follows: @ Any law enforcement agency is authorized to take possession of deadly weapons, including firearms and ammunition, pursuant to this paragraph and hold them in protective custody for the duration of this Order. [NCIC 07] Law enforcement shall immediately notify the Court upon receiving Respondent's deadly weapons, including firearms and ammunition, into protective custody as set forth in this Order. Upon the expiration or termination of this Order, Respondent may reclaim any deadly weapons, including firearms and ammunition, held in protective custody by law enforcement pursuant to this Order unless Respondent is otherwise disqualified as verified by a check of the NCIC protection order file."

7. The Protection Order was issued by Judge Timothy D. Wood and Magistrate J. Andrew Root during a hearing conducted on February 13, 2023. Present at the hearing were the petitioner, "A.G.", **SMITH**, and **SMITH's** attorney, Josh Lucas, Esq.. The terms of the Protection Order remained in effect until August 13, 2023. The Protection Order further bears the statement: "I have read this Consent Agreement and Civil Protection Order and agree to its terms." directly above **SMITH's** signature and name on page 7. Below **SMITH's** signature appears the signature of his attorney.

8. On March 13, 2021, your Affiant, personally examined each of the firearms seized from **SMITH** on March 10, 2023. As such, I can confirm each of the firearms had been manufactured outside the State of Ohio, and therefore previously traveled in or affected interstate or foreign commerce.

9. Based on the aforementioned facts, your Affiant believes there is probable cause to believe that between on or about March 10, 2023, while in the Southern District of Ohio, **SMITH**, being the subject of an active Protection Order issued by the Common Pleas Court of Montgomery County, Ohio, Division of Domestic Relations, at a hearing in which **SMITH** and his attorney were present, unlawfully, possessed multiple firearms and ammunition which had previously traveled in and/or affected interstate or foreign commerce in violation of 18 U.S.C. § 922(g)(8).

SA KENNETH R. PITNEY
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to b̶e̶f̶o̶r̶e̶ ̶m̶e̶ this  16th  day of March, 2023.
By reliable electronic means (telephone)

Caroline H. Gentry
United States Magistrate Judge

5

COURT OF COMMON PLEAS
Thursday, February 16, 2023 1:28:44 PM
CASE NUMBER: 2023 DV 00088 Docket ID: 15831932
2023 DV 00088
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# FORM 10-C:
## WARNING CONCERNING THE ATTACHED
## PROTECTION ORDER OR CONSENT AGREEMENT

**NOTE:** Rules 10.01, 10.02, 10.03, and 10.05 of the Rules of Superintendence for the Courts of Ohio require this Warning to be attached to the FRONT of all civil and criminal EX PARTE or FULL HEARING protection orders issued by the courts of the State of Ohio.

### WARNING TO RESPONDENT / DEFENDANT

Violating the attached Protection Order is a crime, punishable by incarceration, fine, or both and may cause the revocation of your bond or result in a contempt of court citation against you.

This Protection Order is enforceable in all counties in Ohio and 50 states, the District of Columbia, tribal lands, and U.S. territories pursuant to state law and the Violence Against Women Act, 18 U.S.C. 2265. Violating this Protection Order may subject you to state and federal charges and punishment.

Only the Court may change the terms of this Protection Order. The Petitioner/Alleged Victim/Protected Person cannot give you legal permission to change this Order. If you go near the Petitioner/Alleged Victim/ Protected Person, even with the person's permission, you may be arrested. Only the Court may change or end this Protection Order. Unless the Court changes or ends this Order, you may be arrested for violating this Protection Order. **YOU ACT AT YOUR OWN RISK IF YOU DISREGARD THIS WARNING.**

### WARNING TO PETITIONER / ALLEGED VICTIM

You **cannot** change the terms of this Order by your words or actions. Only the Court may allow the Respondent/Defendant to contact you or return to your residence. This Protection Order **cannot** be changed by either party without obtaining a written court order.

### NOTICE ABOUT FIREARMS AND OTHER DEADLY WEAPONS

As a result of this Protection Order or Consent Agreement, it may be a federal crime for you to possess or purchase a firearm, including a rifle, pistol, or revolver, or ammunition pursuant to 18 U.S.C. 922(g)(8) for the duration of this Order. If you have any questions whether the law makes it illegal for you to possess or purchase a firearm or ammunition, you should consult with a lawyer.

This Protection Order may be subject to the exceptions pursuant to 18 U.S.C. 925(a)(1) **only** with respect to the official use of government-issued firearms or ammunition for the use of any department or agency of the United States, Ohio, or its political subdivision. This exception does not apply if the Defendant/ Respondent has been convicted of an offense of violence, for example, domestic violence, menacing by stalking, etc., against a family or household member.

### NOTICE TO ALL LAW ENFORCEMENT AGENCIES AND OFFICERS

The attached Protection Order is enforceable in all counties in Ohio. Violation of this Protection Order is a crime under R.C.2919.27. Law enforcement officers with powers to arrest under R.C. 2935.03 for violations of the Ohio Revised Code must enforce the terms of this Protection Order as required by R.C. 2151.34, 2903.213, 2903.214, 2919.26, 2919.27, and 3113.31. If you have reasonable grounds to believe that the Respondent/Defendant has violated this Protection Order, it is the preferred course of action in Ohio under R.C. 2935.03 to arrest and detain the Respondent/ Defendant until a warrant may be obtained. Federal and state law prohibits charging a fee for service of this Order to the Petitioner/Alleged Victim or protected parties.

FORM 10-C: WARNING CONCERNING THE ATTACHED PROTECTION ORDER OR CONSENT AGREEMENT
Effective: April 15, 2021

ATTACHMENT 1

[Page 2 of 10 Form 10.01-J]

Case No. 2023 DV 00088

**IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO**
**DIVISION OF DOMESTIC RELATIONS**

# Order of Protection

Per R.C. 3113.31(F)(3), this Order is indexed at

Case No. 2023 DV 00088

Judge TIMOTHY D WOOD/Magistrate: J. Andrew Root

Court Reporter RECORDED (3:59 pm)

State OHIO

**LAW ENFORCEMENT AGENCY WHERE INDEXED**

( ) -

PHONE NUMBER

**CONSENT AGREEMENT AND DOMESTIC VIOLENCE CIVIL PROTECTION ORDER (R.C. 3113.31)**
☐ WITH SUPPORT ORDER

**PETITIONER:**

ALYSSA LYNN GOSNELL

First    Middle    Last

v.

**RESPONDENT:**

JOHN ALLAN SMITH

First    Middle    Last

Relationship to Petitioner: father of child
Address where Respondent can be found:
2608 Ome Ave
Dayton, OH 45414

**PERSON(S) PROTECTED BY THIS ORDER:**

Petitioner   ALYSSA LYNN GOSNELL   DOB: 05/04/2002
Petitioner's Family or Household Members :
(☐ Additional forms attached)

_____ DOB: _____
_____ DOB: _____
_____ DOB: _____
_____ DOB: _____

**RESPONDENT IDENTIFIERS**

| SEX | RACE | HT | WT |
|---|---|---|---|
| Male | CAUCASIAN | 6'2" | 260 |
| EYES | HAIR | DATE OF BIRTH | |
| BLUE | BALD | 09/26/1985 | |
| DRIVER'S LIC. NO. | EXP. DATE | | STATE |

Distinguishing features: _____

☐ **WARNING TO LAW ENFORCEMENT: RESPONDENT HAS FIREARMS ACCESS – PROCEED WITH CAUTION**

(Violence Against Women Act, 18 U.S.C. 2265, Federal Full Faith & Credit Declaration : Registration of this Order is not required for enforcement.)
**THE COURT HEREBY FINDS:**
That it has jurisdiction over the parties and subject matter, and the Respondent was provided with reasonable notice and opportunity to be heard within the time required by Ohio law. **Additional findings of this Order are set forth below.**
**THE COURT HEREBY ORDERS:**
That the above named Respondent be restrained from committing acts of abuse or threats of abuse against the Petitioner and other protected persons named in this Order. Additional terms of this Order are set forth below.

The terms of this Order shall be effective until August 13, 2023 **(DATE CERTAIN – 5 YEARS MAXIMUM)**
**WARNING TO RESPONDENT: See the warning page attached to the front of this Order.**

FORM 10.01-J: CONSENT AGREEMENT AND DOMESTIC VIOLENCE CIVIL PROTECTION ORDER     MCDR 4/21
Amended: April 15, 2021
Discard all previous versions of this form

[Page 3 of 10 Form 10.01-J]

Case No. 2023 DV 00088

This proceeding came on for a hearing on February 13, 2023 before the Court and the *Ex Parte* Order issued on January 19, 2023. The following individuals were present: Petitioner, Respondent, and Respondent's attorney, Joseph Lucas.

The parties agree to waive their notice and hearing rights.

**RESPONDENT SHALL NOT ABUSE** harm, attempt to harm, threaten, follow, stalk, harass, force sexual relations upon, or commit sexually oriented offenses against the protected persons named in this Order. [NCIC 01 and 02]

The Court finds:

☐ Additional findings on a separate page are included and attached herein.

**ALL OF THE PROVISIONS CHECKED BELOW ALSO APPLY TO THE RESPONDENT**

☐ 1. **RESPONDENT SHALL IMMEDIATELY VACATE** the following residence only for family or household members:

☒ 2. **EXCLUSIVE POSSESSION OF THE RESIDENCE** located at: **wherever she resides** is granted to: **petitioner**. Respondent shall not interfere with this individual's right to occupy the residence including, but not limited to canceling utilities or insurance or interrupting telephone service, mail delivery, or the delivery of any other documents or items only for family or household members. [NCIC 03]

☒ 3. **RESPONDENT SHALL SURRENDER** all keys and garage door openers to the above residence at the earliest possible opportunity after service of this Order to the law enforcement agency that serves Respondent with this Order or as follows: @

☒ 4. **RESPONDENT SHALL NOT ENTER** or interfere with the residence, school, business, place of employment, day care centers, or child care providers of the protected persons named in this Order, including the buildings, grounds, and parking lots at those locations. Respondent may not violate this Order **even with the permission of a protected person.** [NCIC 04]

FORM 10.01-J: CONSENT AGREEMENT AND DOMESTIC VIOLENCE CIVIL PROTECTION ORDER
Amended: April 15, 2021
Discard all previous versions of this form

MCDR 4/21

[Page 4 of 10 Form 10.01-J]

Case No. 2023 DV 00088

☒5. **RESPONDENT SHALL STAY AWAY FROM PETITIONER** and all other protected persons named in this Order, and not be present within 500 feet or _____ (distance) of any protected persons wherever those protected persons may be found, or any place the Respondent knows or should know the protected persons are likely to be, **even with Petitioner's permission**. If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart *immediately*. This Order includes encounters on public and private roads, highways, and thoroughfares. [NCIC 04]

☒6. **RESPONDENT SHALL NOT INITIATE OR HAVE ANY CONTACT** with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, or child care providers. Contact includes, but is not limited to, landline, cordless, cellular or digital telephone; text; instant messaging; fax; e-mail; voice mail; delivery service; social networking media; blogging; writings; electronic communications; or communications by any other means directly or through another person. Respondent may not violate this Order **even with the permission of a protected person**. [NCIC 05]

☒7. **RESPONDENT SHALL NOT** use any form of electronic surveillance on protected person.

☐8. **RESPONDENT SHALL IMMEDIATELY SURRENDER POSSESSION OF ALL KEYS TO THE FOLLOWING MOTOR VEHICLE:** @ to the law enforcement agency that served Respondent with the Order or as follows:

and Petitioner is granted exclusive use of this motor vehicle.

☒9. **RESPONDENT SHALL NOT REMOVE, DAMAGE, HIDE, OR DISPOSE OF ANY PROPERTY** owned or possessed by the protected persons named in this Order. Personal property shall be apportioned as follows: @

☒10. **RESPONDENT SHALL NOT REMOVE, DAMAGE, HIDE, OR DISPOSE OF ANY COMPANION ANIMALS OR PETS** owned or possessed by the protected persons named in this Order.

☐11. **PETITIONER IS AUTHORIZED TO REMOVE THE FOLLOWING COMPANION ANIMALS OR PETS** owned by Petitioner from the possession of Respondent:@

Exchange of the listed companion animals or pets shall take place as follows:@

☒12. **RESPONDENT SHALL NOT CAUSE OR ENCOURAGE ANY PERSON** to do any act prohibited by this Order.

☒13. **RESPONDENT SHALL NOT POSSESS, USE, CARRY OR OBTAIN ANY DEADLY WEAPON, INCLUDING FIREARMS AND AMMUNITION**, at any time while this Order remains in effect in order to bring about a cessation of violence. Furthermore, Respondent may be subject to firearms and ammunition restrictions pursuant to 18 U.S.C.922(g)(1) through (9), 18 U.S.C. 922(n), or R.C. 2923.13. [NCIC 07].

**RESPONDENT IS EXCEPTED** only for official use pursuant to 18 U.S.C. 925(a)(1), if no other firearms and ammunition prohibitions apply.

☒14. **RESPONDENT SHALL TURN OVER ALL DEADLY WEAPONS, INCLUDING FIREARMS AND AMMUNITION**, owned by Respondent or in Respondent's possession to the law enforcement agency that serves Respondent with this Order no later than immediately or as follows: @

FORM 10.01-J: CONSENT AGREEMENT AND DOMESTIC VIOLENCE CIVIL PROTECTION ORDER
Amended: April 15, 2021
Discard all previous versions of this form

MCDR 4/21

[Page 5 of 10 Form 10.01-J]

Case No. <u>2023 DV 00088</u>

Any law enforcement agency is authorized to take possession of deadly weapons, including firearms and ammunition, pursuant to this paragraph and hold them in protective custody for the duration of this Order. [NCIC 07]

Law enforcement shall immediately notify the Court upon receiving Respondent's deadly weapons, including firearms and ammunition, into protective custody as set forth in this Order.

Upon the expiration or termination of this Order, Respondent may reclaim any deadly weapons, including firearms and ammunition, held in protective custody by law enforcement pursuant to this Order unless Respondent is otherwise disqualified as verified by a check of the NCIC protection order file.

☐ 15. **RESPONDENT'S CONCEALED CARRY WEAPON LICENSE**, if any, is now subject to R.C. 2923.128.

☒ 16. **PETITIONER IS AN UNMARRIED FEMALE** who gave birth to Luna Leslie Lynn Smith, born 9/14/22 born As set forth in R.C. 3109.042, Petitioner is the sole residential parent or legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent or legal custodian.

☒ 17. **PARENTAL RIGHTS AND RESPONSIBILITIES ARE TEMPORARILY ALLOCATED AS FOLLOWS:** [NCIC 09]

@

This Order applies to the following ☒ child ☐ children:
Luna Leslie Lynn Smith, born 9/14/22

☒ 18. **PARENTING TIME ORDERS DO NOT PERMIT RESPONDENT TO VIOLATE THE TERMS OF THIS ORDER.**
- ☐ (A) Respondent's visitation rights are suspended; or
- ☒ (B) As a limited exception to paragraphs 5 and 6, temporary visitation rights are established as follows: Respondent shall have parenting time with the child every other weekend from Friday at 6:00 pm until Sunday at 6:00 pm, beginning Friday, February 17, 2023. This parenting time shall be supervised by Respondent's sister-in-law, Danielle Holcomb.

This Order applies to the following ☒ child ☐ children:
Luna Leslie Lynn Smith, born 9/14/22

☐ 19. **LAW ENFORCEMENT AGENCIES**, including but not limited to, _____ are ordered to assist Petitioner in gaining physical custody of the ☐ child ☐ children if necessary.

☐ 20. **RESPONDENT SHALL SUPPORT** the protected persons named in this Order as follows: @

☐ 21. **RESPONDENT MAY PICK UP CLOTHING** and personal effects from the above residence only in the company of a uniformed law enforcement officer within seven or ____ days of the filing of this Order. Arrangements may be made by contacting: @

☐ 22. **RESPONDENT SHALL NOT USE OR POSSESS** ☐ alcohol or ☐ illegal drugs.

☐ 23. **RESPONDENT SHALL NOT INTERFERE** with wireless service transfer, prevent the functionality of a device on the network, or incur further contractual or financial obligations related to the transferred numbers.

Wireless service rights to and billing responsibility for the wireless service number or numbers in use by Petitioner or any minor children in the care of Petitioner shall be transferred to Petitioner by separate order Wireless Service Transfer Order (Form 10-E).

[Page 6 of 10 Form 10.01-J]

Case No. 2023 DV 00088

☐ 24. **RESPONDENT SHALL COMPLETE THE FOLLOWING COUNSELING PROGRAM:** @

Respondent shall contact this program within ___ days after receiving this order and immediately arrange for an initial appointment. The counseling program is requested to provide the Court a written notice when Respondent attends the initial appointment, if Respondent fails to attend or is discharged, and when Respondent completes the program. Respondent is required to sign all necessary waivers to allow the Court to receive information from the counseling program.

☐ 25. **RESPONDENT IS ORDERED TO APPEAR** before Judge or Magistrate _____ on _____ at ____ ☐ a.m. ☐ p.m. to review Respondent's compliance with the terms of this Order. **RESPONDENT IS WARNED:** If you fail to attend the counseling program, you may be held in contempt or the Court may issue a warrant for your arrest.

☒ 26. **IT IS FURTHER ORDERED:** [NCIC 08] Danielle Holcomb may contact Petitioner regarding parenting time. Petitioner shall contact Danielle in the event of an emergency regarding the child.

27. **THE CLERK OF COURT SHALL CAUSE A COPY OF THIS ORDER** to be served on Respondent as set forth in Civ.R. 5(B) and 65.1(C)(3). The Clerk of Court shall also provide certified copies of this Order to Petitioner upon request.

28. **THIS ORDER SURVIVES** a divorce, dissolution of marriage, or legal separation. Any subsequent order from this Court, another domestic relations court, or juvenile court may modify paragraphs 16, 17, 18, and 19. Until this Order is served upon the Respondent pursuant to Civ.R.65.1, the terms of the Ex Parte CPO remain in effect.

29. **IF THE FULL HEARING PROCEEDING WAS REFERRED TO A MAGISTRATE,** the Court has reviewed the magistrate's granting of this Order and finds no error of law or other defect evident on the face of the Order as set forth in Civ.R. 65.1. Accordingly, the Court adopts the magistrate's granting of the Order.

30. **IT IS FURTHER ORDERED NO COSTS OR FEES SHALL BE ASSESSED AGAINST PETITIONER** for filing, issuing, registering, modifying, enforcing, dismissing, withdrawing, serving, subpoenaing witnesses for, or obtaining a certified copy of this Order. This Order is granted without bond.

31. **THE COSTS OF THIS ACTION ARE** ☐ assessed against Respondent ☒ waived.

_____
Magistrate

So Ordered:
_____
Timothy D. Wood
Judge

FORM 10.01-J: CONSENT AGREEMENT AND DOMESTIC VIOLENCE CIVIL PROTECTION ORDER
Amended: April 15, 2021
Discard all previous versions of this form

MCDR 4/21

[Page 7 of 10 Form 10.01-J]

Case No. <u>2023 DV 00088</u>

---

**NOTICE TO RESPONDENT**

NO PERSON PROTECTED BY THIS ORDER CANNOT GIVE YOU LEGAL PERMISSION TO CHANGE OR VIOLATE THE TERMS OF THIS ORDER. IF YOU VIOLATE ANY TERMS OF THIS ORDER, EVEN WITH THE PROTECTED PERSON'S PERMISSION, YOU MAY BE HELD IN CONTEMPT OR ARRESTED. ONLY THE COURT CAN CHANGE THIS ORDER. <u>YOU ACT AT YOUR OWN RISK IF YOU DISREGARD THIS WARNING.</u>

---

*I have read this Consent Agreement and Civil Protection Order and agree to its terms.*

_[signed] Alyssa Gosnell_
**SIGNATURE OF PETITIONER**

ALYSSA LYNN GOSNELL
701 SOUTH STANFIELD DR.   APT. 155
TROY, OH  45373


**SIGNATURE OF ATTORNEY FOR PETITIONER**

ATTORNEY FOR PETITIONER

*I have read this Consent Agreement and Civil Protection Order and agree to its terms.*

_[signed]_
**SIGNATURE OF RESPONDENT**

JOHN ALLAN SMITH
2608 OME AVE
DAYTON, OH  45373

_[signed]_
**SIGNATURE OF ATTORNEY FOR RESPONDENT**

ATTORNEY FOR RESPONDENT

---

FORM 10.01-J: CONSENT AGREEMENT AND DOMESTIC VIOLENCE CIVIL PROTECTION ORDER
Amended: April 15, 2021
Discard all previous versions of this form

MCDR 4/21

[Page 8 of 10 Form 10.01-J]  Case No. 2023 DV 00088

### NOTICE OF FINAL APPEALABLE ORDER

Copies of the foregoing order, which may be a final appealable order, shall be served upon the parties by the Clerk in a manner prescribed by Civ.R. 5(B) within three days of entering this judgment upon the journal. The Clerk shall then note the service in the appearance docket pursuant to Civ.R. 58(B). Service shall then be deemed complete.

By: _____
       Clerk of Courts

Date: _____

### TO THE CLERK:

A COPY OF THIS ORDER SHALL BE SERVED ON RESPONDENT PERSONALLY BY SHERIFF.

COPIES OF THIS ORDER SHALL BE DELIVERED TO:

☒ Montgomery County Sheriff's Office
☒ Petitioner          ☒ Respondent (see above)
☐ Attorney for Petitioner    ☒ Attorney for Respondent
☐ Law Enforcement Agency Where Petitioner Lives:
_____
☐ Law Enforcement Agency Where Petitioner Works:
_____
☐ Erma's House, 1046 Brown Street, Dayton, Ohio 45409
☐ Counseling Program _____
☒ D.R. Administration
☐ Court Services Officer
☐ Magistrate Copy            ☐ SEA
☒ Assignment Office
Other: _____

ADDRESSES:

ALYSSA LYNN GOSNELL
PETITIONER
701 SOUTH STANFIELD DR. APT. 155
TROY, OH 45373

ATTORNEY FOR PETITIONER

JAR/JAR/2/13/23

JOHN ALLAN SMITH
RESPONDENT
2608 OME AVE
DAYTON, OH 45373

ATTORNEY FOR RESPONDENT

FORM 10.01-J: CONSENT AGREEMENT AND DOMESTIC VIOLENCE CIVIL PROTECTION ORDER    MCDR 4/21
Amended: April 15, 2021
Discard all previous versions of this form

[Page 9 of 10 Form 10.01-J]

Case No. <u>2023 DV 00088</u>

# NOTICE TO PETITIONER

For your convenience, please find your Civil Domestic Violence Protection Order Wallet Card attached.

It is important that you carry the full order or this card with you at all times.

FORM 10.01-J: CONSENT AGREEMENT AND DOMESTIC VIOLENCE CIVIL PROTECTION ORDER
Amended: April 15, 2021
Discard all previous versions of this form

MCDR 4/21

[Page 10 of 10 Form 10.01-J]

Case No. 2023 DV 00088

# NOTICE CONCERNING POSSESSION OR PURCHASE OF FIREARMS

**NOTE:** Rule of Superintendence 10.04 requires notice of possible firearm restrictions be provided to the defendant prior to entering a guilty plea or plea of no contest to a misdemeanor crime of violence against a family or household member.

Pursuant to Ohio Revised Code section 2943.033, you are advised that if you enter a guilty plea or plea of no contest to a misdemeanor crime involving violence where you are or were

- A spouse, person living as a spouse, former spouse of the alleged victim;
- A parent or child of the alleged victim;
- A parent or child of a spouse, person living as a spouse, or former spouse of the alleged victim; or
- The natural parent of any child of whom the alleged victim is the other natural parent or the putative natural parent

it may be unlawful for you to ship, transport, purchase, or possess a firearm or ammunition as a result of any conviction for a misdemeanor offense of violence pursuant to federal law under 18 U.S.C. section 922(g)(9).

If you have any questions whether this law makes it illegal for you to ship, transport, purchase, or possess a firearm or ammunition, you should consult an attorney.

FORM 10.01-J: CONSENT AGREEMENT AND DOMESTIC VIOLENCE CIVIL PROTECTION ORDER
Amended: April 15, 2021
Discard all previous versions of this form

MCDR 4/21